UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:20-CR-113 DRL |
| ) | |
| MICHAEL WILLIAMS ) | |
|     Defendant. ) | |

# DEFENDANT'S RESPONSE TO UNITED STATES' NOTICE REGARDING ARMED CAREER CRIMINAL CLASSIFICATION

## I. Introduction

The defendant, Michael Williams, through his attorney Scott J. Frankel, submits the following Response to the United States' Notice Regarding Armed Career Criminal Classification.

## II. Michael Williams objects to the United States' request for a sentencing jury.

The Government requests a sentencing jury on whether Mr. Williams' burglaries occurred on separate occasions. The Government's request should be denied because a sentencing jury on the issue of whether the Armed Career Criminal Act, 18 USC §924(e), applies in this case would violate the defendant's due process rights by improperly adding an element to the defendant's offense of conviction. "[R]eal notice of the true nature of the charge against him, [is] the first and most universally recognized requirement of due process." *Henderson v. Morgan*, 426 U.S. 637, 645, 96 S. Ct. 2253, 2257–58, 49 L. Ed. 2d 108 (1976) citing, *Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941).

1

The Government correctly recognizes that ACCA eligibility constitutes an element of the offense of conviction and requires a jury determination pursuant to the *Apprendi/Alleyne* line of cases. Specifically, *Alleyne v. United States* held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the crime, not a "sentencing factor," that must be submitted to jury. *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). The Government is therefore required, under *Apprendi* and *Alleyne*, to plead and prove the fact that Mr. Williams qualifies for enhanced sentencing under the ACCA.

A sentencing jury does not solve the Government's problem that there is a plea to an Indictment that does not include the ACCA enhancements, and at the plea colloquy there were no waivers of objections to an enhanced sentence. Elements must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt. *See, e.g.*, *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *United States v. Gaudin*, 515 U.S. 506, 509–510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995); *Jones v. United States*, 526 U.S. 227, 232, 119 S. Ct. 1215, 1219, 143 L. Ed. 2d 311 (1999).

As has been demonstrated in prior defense submissions, the Indictment in this case did not refer to the Armed Career Criminal Act, 18 U.S.C. § 924(e), as a potential sentence, and the plea colloquy, previously filed and attached to the Defendant's Sentencing Memorandum, DE 38-2, contains no advisement regarding a potential enhanced sentence and no waivers of objections to an enhanced sentence. In the colloquy, the Court set forth the potential sentence as follows:

> THE COURT: All right. Mr. Williams, we also need to

discuss the potential penalties that apply to this crime.
And the law says that people convicted of this crime
can be sentenced up to a maximum term of imprisonment of ten
years, a fine up to $250,000. There is a supervised release
term of not more than three years and then a special assessment
of $100.

In this specific case, where the defendant has pleaded guilty to an Indictment that does not contain any notice regarding ACCA, the plea colloquy contains no advisements regarding ACCA and the defendant did not waive any objections to ACCA at the change of plea hearing, the Court cannot sentence the defendant to an ACCA enhanced sentence.   Therefore, based on all the foregoing, the Government's request for a sentencing jury should be denied, and Mr. Williams should be sentenced on the proven offense: non-ACCA felon-in-possession. See 18 U.S.C. §§ 922(g)(1), 924(a)(2).

## CONCLUSION

For all the foregoing reasons as well as all the reasons set forth in the Sentencing Memorandum, Mr. Williams should be sentenced on the proven offense: non-ACCA felon-in-possession. See 18 U.S.C. §§ 922(g)(1), 924(a)(2).

Dated:   August 9, 2022

                                                  Respectfully submitted,

                                                  Northern District of Indiana
                                                  Federal Community Defenders, Inc.

By:      s/ Scott J. Frankel
           Scott J. Frankel, Staff Attorney
           130 S. Main Street, Suite 300
           South Bend, IN 46601
           Phone:   (574) 245-7393
           Fax:   (574) 245-7394
           eMail: scott_frankel@fd.org